IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES E. CURTIS                                                                                   PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 3:11cv426-FKB

CAPITAL POLICE DEPARTMENT
and J. SLATER                                                                                    DEFENDANTS

OPINION AND ORDER

　　　　This is an action brought pursuant to 42 U.S.C. § 1983 by James E. Curtis, a state prisoner. The only remaining defendant is Jesse Slater, an officer with the State Capitol Police Department. Presently before the Court is Defendant Slater's motion for summary judgment. Curtis has not responded to the motion. Having considered the motion and the competent summary judgment evidence, the Court concludes that the motion should be granted.

　　　　Curtis alleges that Slater used excessive force against him during an arrest by officers with the State Capitol Police Department. In his complaint, Curtis states that during the arrest, the officers hit him twice in the head with an object he believed to be a pistol, "busted open" his head, dragged him by handcuffs, and threw him face down on the patrol car. He claims that he sustained injuries to his wrists, including aggravation of prior injuries, loss of function and strength in his hand, migraine headaches, and a laceration to the lip as a result of the officers' use of excessive force. According to Curtis, when paramedics arrived at the scene, Slater insisted that Curtis did not need medical attention and ordered him transported to the Hinds County Detention Center. However, when Plaintiff arrived at the detention center, officials there insisted that he be taken to the

hospital.

In support of his motion, Slater has submitted an affidavit describing the relevant events.  He states in the affidavit that on June 16, 2011, at approximately 3:15 a.m., he responded to an alarm at the Public Employment Retirement System building in downtown Jackson, Mississippi.  Upon arrival, Slater observed a broken window on the back of the building.  Officer Slater radioed Officer Daniel Smira and advised him of the situation.  Shortly thereafter, Defendant heard the sound of glass breaking.  Officer Smira arrived at the scene, and Smira and Slater called for radio assistance from Officer Clifton Hamilton, who informed them that an individual later identified as Plaintiff was running away from the building.  Officers Smira and Slater ran up Yazoo Street, saw Plaintiff, and ordered him to the ground.  After they had given the order several times, Plaintiff complied.  Slater told Smira that he would provide cover while Smira handcuffed Curtis.  When Officer Smira attempted to do so, Curtis began to role over.  At this time, Officer Hamilton arrived from behind Officer Smira and assisted in holding Curtis while Smira finished handcuffing him.  Slater states that while Smira was placing the handcuffs on Curtis, Slater observed a bleeding laceration on Curtis's right wrist.

Curtis was initially taken to the Hinds County Detention Center; however, officials there would not accept him without a medical clearance.  As a result, Curtis was taken to the University of Mississippi Medical Center by ambulance.  Slater states that while being transported, Curtis told the officers that "Ya'll ain't gonna get away with this.  I'm gonna milk this and when I get there I ain't even going to be able to walk."  True to his promise, when he arrived at the UMMC emergency room, Curtis indicated he could not walk, and

2

he was provided with a wheelchair.

Also submitted in support of Slater's motion are Curtis's medical records from UMMC. According to these records, Curtis presented to the emergency room on May 17, 2011, with a laceration to his right forearm. Curtis reported that he had received the initial injury from broken glass on May 9, 2011, and that it had recently been aggravated by handcuffs used during an arrest on May 12, 2011. He complained of numbness and inability to bend two of his fingers on his right hand. Assessment was wrist laceration and neurodeficit of the right hand. He was told to seek follow-up with a surgeon.

Approximately two weeks later, on June 1, 2011, Curtis returned to the emergency room, having been arrested and handcuffed again on that evening. Curtis complained that his previously injury to his right wrist had been aggravated earlier that evening by handcuffs during the course of an arrest. Upon examination, he was observed to have a healing rectangular wound to the right wrist, which was bleeding slightly.

The records for the night of the incident at issue, June 16, 2011, indicate that upon admission to the emergency room, Curtis complained of mild left shoulder pain and a cut to his right wrist. Examination revealed a "superficial laceration of the right wrist." Docket no. 35-5 at 9. Shoulder and wrist x-rays were normal. His wounds were bandaged and he was released. There is no indication of any other injuries.

Officer Slater has moved to dismiss on the basis of qualified immunity. The analysis of the defense of qualified immunity in an excessive force claim involves two inquiries: Whether the plaintiff has established a constitutional violation, *i.e.*, whether the officer's use of force was objectively reasonable under the Fourth Amendment, and

whether the right was clearly established such that a reasonable officer would have known that the particular amount of force used was excessive. *Hogan v. Cunningham*, 2013 WL 3490540, at *10 (5th Cir. July 12, 2013) (citing *Saucier v. Katz*, 533 U.S.194, 200-02 (2001)). In the present case, Officer Slater is entitled to summary judgment because he has shown that there is no genuine issue of material fact as to the existence of a constitutional violation.

The evidence submitted by Defendant in support of his motion, if true, would establish that Curtis was not subjected to excessive force. Indeed, Slater's affidavit indicates that the only force used against Curtis was *de minimus* force necessary to handcuff him. Although Plaintiff contends that excessive force was used, he does not specifically identify Slater as the perpetrator. Moreover, the statements consist of wholly unsubstantiated allegations that are directly at odds with the medical records. A party may not defeat summary judgment by raising merely "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by unsubstantiated assertions,' or by 'only a "scintilla" of evidence.'" *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). In short, because Curtis has not come forward with any credible evidence to support his claim, he has failed to create a genuine issue as to whether Defendant Slater used excessive force against him.[1]

---

[1]The Court notes that there is currently pending a motion by Plaintiff for copies of the transcript of his state court preliminary hearing. Plaintiff has given no indication, and there is no reason to believe, that such a transcript exists. More importantly, he has not shown that the transcript would contain evidence that would enable him to defeat Defendant Slater's motion.

4

For these reasons, Defendant Slater's motion for summary judgment is granted, and Plaintiff's claims are dismissed with prejudice. A separate judgement will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 4th day of September, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE